IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 NOV -3  P 12: 00

CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| JACKIE BEASLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 106-067 |
| | ) |
| MATT PHARIS and JEFF JOHNSON, | ) |
| | ) |
| | ) |
| Defendants. | ) |

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at the D. Ray James Correctional Facility in Folkston, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. As Plaintiff's complaint was filed *in forma pauperis* ("IFP"), it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

### I. BACKGROUND

Upon review of Plaintiff's complaint, the Court finds the following. Plaintiff's complaint names two Augusta, Georgia undercover law enforcement officers, 1) Matt Pharis and 2) Jeff Johnson. (Doc. no. 1, p. 1). Plaintiff alleges that these officers subjected him to a strip search in broad daylight beside the "Union 76 Gasoline Station" on "Renolds Road,"

near the 13th Street Bridge, in Augusta, Georgia. (Id. at 3). This incident allegedly occurred

sometime in early October 2004. (See id. at 1-3).

Plaintiff further asserts that a subsequent run-in with the officers occurred two to

three weeks later, on October 27, 2004. (Id. at 1). Plaintiff claims that while he was moving

personal property from his room at the Knight's Inn Motel, he was allegedly attacked from

behind. Plaintiff later determined that his attackers were the named officers.[1] The officers

proceeded to enter and search Plaintiff's room without a warrant. (Id. at 2). The officers also

entered and searched his finances's van. (Id.). Both of these searches occurred without a

warrant and without consent. Plaintiff claims that he was severely beaten, and when no drugs

were found, the officers threatened to plant methamphetamine on him. (Id.). Plaintiff states

that his rights were violated based upon excessive use of force, false arrest, and unlawful

detention. (Id. at 3). His complaint also implies that a violation of his Fourth Amendment

rights occurred.

## II. DISCUSSION

Plaintiff's claims for false arrest and unlawful detention fail as a matter of law.[2] To

state a claim for false arrest and unlawful detention under the Fourth Amendment, a plaintiff

must allege that his arrest was warrantless and without probable cause. Rodriguez v. Farrell,

---

[1]Plaintiff initially states that he was attacked by "Jeff Johnson." (Doc. no. 1, p. 1). However, in a subsequent paragraph he states that "they," both Matt Pharis and Jeff Johnson, did not identify themselves prior to "jumping [him]." These statements make it difficult to determine the identity of Plaintiff's alleged attacker.

[2]Additionally, Plaintiff may not vicariously assert his fiancee's Fourth Amendment rights. See Lenz v. Winburn, 51 F.3d 1540, 1549 (11th Cir. 1995). Thus, to the extent Plaintiff is attempting to assert a claim based upon the alleged warrantless search of her van, his attempt is improper.

280 F.3d 1341, 1345 (11th Cir. 2002). Plaintiff has not provided sufficient facts to establish the elements of false arrest and unlawful detention. In fact, Plaintiff does not even mention an arrest in his statement of claim. (See id. at 1-4). Accordingly, Plaintiff's claims for false arrest and unlawful detention fail as a matter of law.

Further, it is unclear from Plaintiff's complaint whether he is complaining about the arrest that led to his conviction and sentence or whether he is referring to some other, unrelated arrest. To the extent Plaintiff is referring to the arrest that led to his conviction and sentence, this claim is also barred under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck the Supreme Court held that when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. See 512 U.S. at 486-87. The Court went on to state that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. Id. at 487. In short, a claim for monetary damages or injunctive relief that challenges Plaintiff's conviction is not cognizable under § 1983. See Heck, 512 U.S. at 483; see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus.").

Here, Plaintiff appears to assert that Defendants' actions against him resulted in his false arrest and conviction; therefore, his current detention is unlawful. However, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called

3

into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Thus, Plaintiff's current allegations of an improper arrest and unlawful detention are not actionable in this § 1983 suit. Cf. Rankin v. Evans, 133 F.3d 1425, 1428 (11th Cir. 1998) (Section 1983 claim against arresting officer in child molestation case proceeded after grand jury found plaintiff "completely innocent" of charges).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claims for false arrest and unlawful detention be **DISMISSED**[3] for failure to state a claim upon which relief can be granted.

SO REPORTED and RECOMMENDED this 3rd day of November, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3]By separate Order, the Court has directed that service of process be effected on Defendants for a claim of excessive force, as it relates to the alleged attack, and a violation of Plaintiff's Fourth Amendment rights as it relates to the warrantless search of his hotel room and the strip search.

4